*ADAMS vs. DUPUY.*

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

A continuance was properly refused, where the party was wanting in the exercise of legal dilligence.

When the appeal is taken for delay, damages can only be awarded to the party in interest.

In May 1829, the plaintiff obtained an injunction and prayed that the sheriff, and plaintiff in execution, who resided in another parish, might be cited to answer the petition. Service was made upon the sheriff, who put in an answer, but no steps were taken to bring the original plaintiff into court.

The cause was called up for trial at April term, 1830, when the plaintiff moved for a continuance, on the ground that the plaintiff, in execution, had not been cited, and that the sheriff had no right to put the cause at issue. The court refused to continue, and no evidence being offered by the plaintiff, the injunction was dissolved, and the plaintiff appealed.

*Morse*, for appellant. *Morgan*, for appellee.

*Porter, J.*, delivered the opinion of the court.

The defendant, who is sheriff of the parish of Iberville,

Eastern District.
*March* 1831.

ADAMS
*vs.*
DUPUY.

was about carrying into effect an execution, which had been placed in his hands, against the plaintiff. He was stopped by an injunction obtained by the latter, who prayed that the plaintiff, in execution, living in another parish, and the defendant, should be cited, to answer the petition.

The injunction was obtained in May, 1829, and a copy with citation, was immediately served on the defendant, but no steps appear to have been taken, to bring the original plaintiff into court.

At the April term, in the year 1830, the cause came on for trial, on an answer filed by the defendant, when the plaintiff moved for a continuance, on the ground that the plaintiff, in execution, had not been cited, and that the sheriff had no right to put the cause at issue. The court rejected the application, and the plaintiff offering no evidence to sustain the allegation in his petition, the injunction was dissolved. From this judgment he has appealed.

A continuance was properly refused, where the party was wanting in the exercise of legal dilligence.

The judge was clearly correct, in refusing the continuance on the ground laid. The plaintiff was totally wanting in the exercise of legal dilligence. It was his duty, in the space of eleven months, to have the co-defendant, who lived in a neighbouring parish, cited. If obstacles were thrown in his way by the neglect or refusal of the officers of the court, to do their duty, application should have been made at the previous term, to quicken them in the discharge of it.

On the merits, there is no ground to doubt the correctness of the judgment below; and we cannot resist the impression, that the appeal was taken, as the appellee contends it was, for delay.

When the appeal is taken for delay, damages can only be awarded to the party in interest.

And we should accede to his prayer for damages, but that in the situation he is before the court, no damages has been sustained *by him.* He is not a party in interest. The person injured is the plaintiff in the execution, who was never cited.

We confine ourselves, therefore, to a simple confirmation of the judgment below, and it is ordered, adjudged and decreed, that it be affirmed with costs.